The judgment of the court was pronounced by
Rost, J.
This is a petitory action to recover a lot in the town of Shreveport. The defendant answered, that he was in possession of the lot as lessor of Joshua H. Andrews. Andrews appeared and called in warranty his his vendor Feaiherston R. Roach, who himself called in warranty Mrs. Lafon, his vendor. This party answered, admitting the sale, but averring that under an express stipulation with Roach, it was without warranty, and that if any warranty was given in the act, it was done in error and in fraud of her rights. She called upon Roach to state on oath whether it was not agreed between them, that she only sold such title as she had, and that she was not to be liable in warranty. Roach answered, that she agreed to sell such title as she had, but that there was no agreement that she should not warrant it.
There was judgment in favor of the plaintiff for the lot, and against the respective warrantors for the price they had received. Mrs. Lafon alone has appealed.
Her counsel does not resist the plaintiff’s title, but urges that the judgment is erroneous, so far as it is against her in warranty; and with reference to that part of the case, he has called our attention to a bill of exceptions, which it is necessary to notice. Before the trial in the district court, the appellant caused two witnesses to be summoned for the purpose of contradicting the answer of Roach to the interrogatory propounded to him. Those witnesses being absent when the case was called, she was about to move for an attachment against them, when the counsel on both sides agreed to a statement in writing, showing what the witnesses would swear if present. The appellant, in the course of the trial offered this statement in evidence, but it was objected to by the plaintiff, and the exception was sustained by the court.
The statement of facts drawn up by the counsel is before us. Had it been received in evidence it could not have changed the result of the suit. Roach has only recovered from the appellant the price she received; and she was bound to refund it, even if there had been a stipulation of no warranty, unless Roach was aware of the danger of eviction at the time of the sale, and purchased at his peril and risk, which the act of sale shows not to be the case. C. C. 2481. 3d Ann. 326.
The judgment is affirmed, with costs.